Michael A. HARRIS, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. CIV.A. 00–5194(JEI).

United States District Court,
D. New Jersey.

Nov. 6, 2000.

Michael A. Harris, Fort Dix, NJ, Plaintiff Pro Se.

## AMENDMENT TO ORDER DISMISSING PETITION DATED NOVEMBER 1, 2000

IRENAS, District Judge:

It appearing that:

1. In ruling that the petitioner's sentence did not violate the Supreme Court's holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, the Court expressly relied on the language of the indictment which specifically charged that petitioner conspired to distribute more than 5 kilograms of cocaine;

2. In the court's holding, but not expressly stated, was the assumption that the trial court charged the jury that the amount of cocaine, i.e., more than 5 kilograms, was an allegation of the offense that had to be found beyond a reasonable doubt;

3. The Court is aware that prior to *Apprendi* many courts treated language in an indictment alleging amount as being surplusage because 21 U.S.C. § 841(a) purports to define the crime without regard to amount, while § 841(b) treats the amount of drugs as a sentencing factor;

4. This Court has not seen a copy of the jury charge pursuant to which petitioner was convicted. If the charge were to treat the allegation of amount in the indictment as surplusage, a genuine *Apprendi* issue might be raised and dismissal at this point in the case would be inappropriate; and

5. The judgment of the Court rendered on November 1, 2000, should not become final until the Court has had a chance to review the charge to the jury which was delivered during petitioner's trial in the United States District Court for the Eastern District of Virginia.

Based on the foregoing and good cause appearing,

IT IS on this 6th day of November, 2000,

### ORDERED THAT:

1. The Court's Order Dismissing Petition of November 1, 2000, shall not be deemed a final decision of this Court for purposes of 28 U.S.C. § 1291 and Fed.R.Civ.P. 54(a);

2. If petitioner has a copy of the jury charge pursuant to which he was convicted, he shall forward a copy of that charge forthwith to the Court and a copy of that charge to Paul Blaine, Assistant United States Attorney, 401 Market Street, 4th Floor, P.O. Box 2098, Camden, NJ 08101;

3. If petitioner does not produce a copy of the jury charge as provided in the second decretal paragraph, this Court directs the United States Attorney to procure a copy of the jury charge and to file it with the Court and serve it on the petitioner no later than December 18, 2000.